ANDREW NAUDZIUS, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, Second Department, October 25, 1929.

*Edward M. & Paul Grout,* for the appellant.

*John Urevich,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below. This disposition of the judgment makes unnecessary consideration of the order denying the motion to take a deposition. Therefore, the appeal from that order is dismissed. The trial court apparently disregarded the uncontradicted evidence that showed there were misrepresentations in the application for the insurance, because of the belief that the evidence was incompetent under section 352 of the Civil Practice Act. The evidence, however, was in the record, and never was stricken out, and, therefore, had to be considered.

The trial court further found that there was no proof to show that the person signing the certificate, which stated that the insured had been treated for tuberculosis prior to applying for the insurance, was in fact a physician. If that was so, then, of course, section 352 of the Civil Practice Act would have no application. But, even if it were considered that that person was a physician, the certificate was properly received in evidence, because it formed a part of the proofs of death, and in such a case is admissible, not as a statement of the person signing it, but as an admission on the part of the person presenting the proofs of death, namely, the plaintiff. (*Buffalo Loan, Trust & Safe Deposit Co.* v. *Knights Templar & Masonic Mut. Aid Assn.,* 126 N. Y. 450; *Hanna* v. *Connecticut Mut. Life Ins. Co.,* 150 id. 526; *Spencer* v. *Citizens' Mut. Life Ins. Assn.,* 142 id. 505, 510; *Rudolph* v. *John Hancock M. L. Ins. Co.,* 251 id. 208.) There was no material issue of fact raised on the trial, and the plaintiff declined to take the deposition of the person who signed the certificate. Hence a new trial should not be granted.

The defendant is entitled to judgment.

All concur; present, CROPSEY and LEWIS, JJ.