GOODMAN *v.* LANG.

(Division B. Sept. 22, 1930. Suggestion of Error Overruled, October 20, 1930.)

[130 So. 50. No. 28726.]

Wynn & Hafter, of Greenville, for appellant.

**Farish & Bell,** of Greenwood, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was plaintiff in the court below and brought suit against the appellee for personal injuries inflicted by a collision of cars, one driven by the plaintiff and the other driven by the defendant, which oc-

curred upon the public highway south of Greenville, Mississippi.

There was a conflict between the evidence for the plaintiff and the evidence for the defendant as to which side of the road the collision occurred upon, and as to the incidents happening at the time. The plaintiff's version of the affair was that the plaintiff was driving upon the right-hand side of the road going north towards Greenville, and that the defendant in approaching the plaintiff's car was traveling about the center of the road, or, as the witness expressed it, "across the black line," and that prior to the collision the defendant pulled to the defendant's right, which would be the left-hand side of the road from plaintiff's position, or the west side of the road, plaintiff claiming to have been upon the east side. Plaintiff testified that after the defendant pulled to the west side of the road he thought he would stay there, but that just before the collision occurred the defendant pulled back to the east side of the road, upon which plaintiff was driving, and caused the collision.

The defendant's version was that the collision occurred upon the west side of the road, which was the left-hand side going to Greenville, and the right-hand side coming from Greenville, and that the fault was that of the plaintiff. The testimony shows that the plaintiff was traveling from thirty-five to forty miles per hour, and that the collision occurred between twelve and one o'clock at night. The testimony for plaintiff shows that the defendant was traveling at a high rate of speed, more than forty miles per hour, while that of the defendant is that the defendant was traveling at not exceeding twenty miles per hour. There was some shattered glass upon either side of the road and some evidence as to the position of the cars, and tracks made by the car of the defendant showing the probable application of brakes to the car just before the collision. It was the theory of the plaintiff that the defendant was intoxicated, and

there was some evidence for the plaintiff that immediately after the collision the witnesses smelled liquor upon the breath of the defendant. The defendant testified that he had not been drinking prior to the collision, but that after the collision a traveling man came to the scene of the accident, and, seeing that he was injured and suffering, gave him some liquor from which he drank rather copiously. The plaintiff offered evidence of two nurses in the hospital at Greenville, to which the defendant and plaintiff were both carried after the accident, to the effect that the defendant was then drunk. This evidence was objected to and was excluded by the court to which action exception was duly taken. There was a verdict for the plaintiff for two hundred and fifty dollars.

The first complaint of the appellant is that the damages allowed him is grossly inadequate for the injuries sustained. It appears that some of the plaintiff's teeth were knocked out, and that part of the upper jaw bone on the inside was knocked loose and broke through the gum tissue; that he had to stay in the hospital for two days and suffered intensely from pain; that he was delayed for some weeks from his work; and that the dental cost was large.

While the pleadings and instructions did not refer to the statute on contributory negligence, still the jury had a right to consider the question of contributory negligence and to diminish damages in proportion to the negligence of the plaintiff to the defendant. It is true in rendering a verdict the jury must have considered that plaintiff was guilty of negligence and have diminished the damages accordingly. While it is true that no instruction or no pleading was made setting up contributory negligence, still the jury is presumed to have a knowledge of law and, in the present case, must have acted upon it. We are therefore of the opinioin that the verdict, in view of all the testimony, was not so inadequate as to require us to set it aside.

It is next complained that the court erred in refusing to admit the testimony of the nurses as to the condition of the defendant as to intoxication. We are of the opinion that the cause cannot be reversed for that error, although nurses do not come within the provisions of section 7455, Hemingway's 1927 Code, section 3695, Code of 1906, making all communications made to a physician or surgeon by a patient under his charge or one seeking professional advice privileged. The statute does not extend to nurses. The statute is in derogation of the common law and must be strictly construed, that is, it must be construed so as to limit the privilege to the parties named therein.

But, in view of the testimony of the parties to the suit as to the condition of the defendant at the time of the collision, and the conflict in reference to whether the defendant was drinking before the collision, or whether he drank after the collision, and there being no dispute that he had taken a drink either before or immediately after the collision, and consequently had necessarily been drinking prior to the time of his arrival at the hospital, we do not think the cause should be reversed. The testimony of the nurses may be true, and still the defendant may not have been drinking prior to the collision. The condition of the defendant at the time of his arrival at the hospital does not tend to support one theory more than the other. We are consequently of the opinion that there is no reversible error in the record, and the judgment of the lower court will be affirmed.

Affirmed.