[Civ. No. 8027. Second Appellate District, Division One.—December 24, 1931.]

In the Matter of the Estate of PHEBE J. MOSSMAN, Deceased. DOROTHY A. ROBB, Appellant, v. FRED W. HEATHERLY, as Executor, etc., et al., Respondents.

C. F. Culver, Charles J. Orbison and Don S. Irwin for Appellant.

H. R. Collins for Respondents.

YORK, J.—This is an appeal from a judgment in favor of the proponents of the last will and testament of Phebe J. Mossman, deceased. The proponents of the will are the former attorney of decedent and executor named in her will, and a daughter of decedent by her first marriage; the contestant being a daughter by a subsequent marriage. "The contest of will is based upon two grounds: to-wit, (1) Unsoundness of mind and mental incapacity and (2) Fraud, restraint and undue influence."

At the close of contestant's case, a motion for nonsuit made by proponents was granted as to the first ground of contest. Thereafter, when all evidence was introduced, a verdict was directed in favor of proponents as to the second ground of contest. From the judgment entered pursuant thereto, and from the order denying contestant's motion for a new trial, this appeal is prosecuted. Appellant maintains that there was sufficient evidence to warrant submission of the issues to the jury; that the court committed error in that (1) it granted proponents' motion for nonsuit; (2) directed the verdict; and (3) admitted in evidence the confidential statements made by decedent to two Christian Science practitioners.

At the time the will in question was drawn, decedent was of the age of seventy years, was suffering from goiter, but was not confined to her bed, or even to the house. In fact, the evidence shows that she was physically active—did her own housework, worked in her garden, etc. Upon cross-examination, contestant testified: "Well she was up and down. She would have these bad spells and be in bed for a few days and get right up and drive over the Ridge Route to San Francisco, or some active thing like that." All those who knew her were of the opinion that she was of sound mind and that she "had a very strong will", the only evidence of any mental weakness being a slight lapse of memory on one occasion. We are, therefore, of the opinion that the evidence was insufficient to warrant submis-

sion to the jury of the issue as to "unsoundness of mind and mental incapacity", and that the court properly granted the motion for nonsuit as to that issue. ▮ No error was made by the court in directing the verdict in favor of proponents on the issue of "fraud, restraint and undue influence". At the date the will was drawn, both the proponent, Mrs. Early, and the contestant, Mrs. Robb, were living at the home of decedent. Proponent—according to her own testimony, which is corroborated by the contestant—had come to make her home with decedent on or about September 24, 1928, just a few days before the will was executed. Contestant remained at the home of her mother until about the 13th or 14th of October, 1928, when she removed to her own house, which was three doors away, and she continued to visit her mother "every day until the 24th day of January, 1930". While it is true that there is evidence of some unpleasantness existing between the contestant and proponent, there is no evidence that the decedent was influenced in any way by the proponent, Mrs. Early, in the making of her will, or that she was under the domination or control of said proponent at the time the will was executed. The strongest bit of evidence in support of this issue was the fact that Mrs. Early accompanied her mother to the office of the attorney on the day the will was drawn.

Contestant also testified that her mother had requested her (the contestant) in the late fall of 1928, to release her interest in the home place, but that after consulting with an attorney, she had declined to grant the request.

▮ As to the admission in evidence of the confidential statements made by decedent to the Christian Science practitioners, we are convinced that this ruling was proper. As we view it such an unlicensed practitioner is neither a licensed physican nor surgeon in the sense that that term is used by the statute (Code Civ. Proc., sec. 1881, subd. 4).

The judgment admitting the will to probate is affirmed, and the purported appeal from the order denying contestant's motion for a new trial is dismissed.

Conrey, P. J., and Houser, J., concurred.