PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant, vs. KOZLOWSKI, Respondent.

*November 11, 1937—February 15, 1938.*

The cause was submitted for the appellant on the briefs of *Lines, Spooner & Quarles,* attorneys, and *L. S. Clemons* of counsel, all of Milwaukee, and for the respondent on those of *Eugene J. Sullivan* of Milwaukee.

The following opinion was filed December 7, 1937:

FOWLER, J. An action was brought by the plaintiff Insurance Company to cancel a life insurance policy issued by it on the life of Albert E. Kozlowski, payable to the defendant, on the ground that the policy never became effective because the insured "was not in sound health" at the date thereof, and under the terms of the policy the policy was not to become effective if the insured was not then in sound health. The insured died a month and three days after the policy was issued, and about fifteen months after his admission to the hospital below mentioned. The policy had not become incontestable by lapse of time. The defendant denied that at the time the policy was issued the insured was not in sound health, and counterclaimed for recovery on the policy. The plaintiff's complaint was dismissed and judgment entered on the counterclaim.

The case was tried to the court without a jury. The ground of the judgment was that there was no evidence that the insured was not in sound health when the policy was issued, because all the evidence as to his unsound health was given by or based upon the testimony of witnesses who were incompetent to testify under sec. 325.21, Stats., disqualifying a physician from disclosing any "information he may have acquired in attending any patient in a professional character, necessary to enable him professionally to serve such patient."

On the trial of the case, over the objection of the defendant, the court received in evidence the testimony of a nurse in the employ of the Milwaukee County Hospital, and a record made by her upon admission of the insured to the hospital on March 26, 1932, and during his treatment therein which was used by the physician who treated him, and the testimony of an X-ray operator in the employ of the hospital and an X-ray plate made by him at the direction of the physician who was treating the insured. Without that testimony and that record and that plate there was no evidence of unsound health at the time the policy was issued. Upon consideration of the case after its submission, the court rejected that testimony and that record and plate as not receivable under the statute. Upon the rejected evidence the conclusion is unescapable that an aneurysm of the aorta of the insured existed at the time the X-ray plate was taken; that this condition existed at the time the policy was issued and would continue to exist until his death; and that his death from this condition would ordinarily result in from four to six years. The insured was, therefore, not in sound health when the policy was issued, the policy by its terms never became effective, and judgment upon the complaint should have been entered if the excluded evidence was receivable.

Upon the rulings of some courts under like statutes the trial judge's rejection of the evidence was correct, but under the rulings of other courts under like statutes it was receivable. The rejected evidence is not within the reason of the rule of the statute, and nurses and X-ray operators are not within its letter as only physicians and surgeons are mentioned therein. As the rejected evidence does not fall either within the statute's reason or its letter, we are of opinion that it was receivable.

The reason of the rule of the statute, as far as it has any, is that patients may be afflicted with diseases or have vicious or uncleanly habits necessary for a physician to know in order to treat them properly, disclosure of which would subject them to humiliation, shame, or disgrace, and which they might refrain from disclosing to a physician if the physician could be compelled to disclose them on the witness stand. *Boyle v. Northwestern Mutual Relief Asso.* 95 Wis. 312, 70 N. W. 351. If the disclosures to the physician be such as not to subject the patient to shame or affect his reputation or social standing, there is no reason why a physician should not disclose them, and sound reason why in the interest of truth and justice he should be compelled to disclose them. The physician's exemption from disclosure should in reason be limited to such disclosures as would injure the patient's feelings or reputation. The statute too often works, as stated by Mr. Justice OWEN in his dissenting opinion in *Maine v. Maryland C. Co.* 172 Wis. 350, 359, 178 N. W. 749, "to cheat rather than to promote justice and to suppress rather than reveal truth." The statute must, of course, be complied with as to physicians and surgeons, because it expresses a public policy declared by the legislature. But there is no call to extend the exemption of the statute beyond its letter, and every reason why it should not be so extended. Chiropractors, orthopedists, Christian Science practitioners, den-

tists, druggists, and public health nurses have been held not within the statute. *Kress & Co. v. Sharp*, 156 Miss. 693, 126 So. 650; *William Laurie Co. v. McCullough*, 174 Ind. 477, 90 N. E. 1014; *In re Mossman's Estate*, 119 Cal. App. 404, 6 Pac. (2d) 576; *People v. De France*, 104 Mich. 563, 62 N. W. 709; *Deutschmann v. Third Ave. R. Co.* 87 App. Div. 503, 84 N. Y. Supp. 887; *Wills v. National Life & Accident Ins. Co.* 28 Ohio App. 497, 162 N. E. 822; *Springer v. Byram*, 137 Ind. 15, 36 N. E. 361; *Naudzius v. Metropolitan Life Ins. Co.* 136 Misc. 167, 238 N. Y. Supp. 702; *Borosich v. Metropolitan Life Ins. Co.* 191 Wis. 239, 242, 210 N. W. 829, 830. See also note in 68 A. L. R. 176. This court stated in *Borosich v. Metropolitan Life Ins. Co., supra,* although the point at issue was whether a physician's testimony was receivable and the precise point whether the testimony of a nurse or interne was receivable was not directly raised, that nurses and internes are not barred by the statute from testifying, and their testimony would be receivable on the retrial of the case which the court directed, "because they are not legally admitted to practice [medicine] and are not physicians within the meaning of the statute." It is also stated in *Will of Bruendl*, 102 Wis. 45, 47, 78 N. W. 169, that as the restrictions of the statute "are in derogation of the common law, it is for the courts only to enforce such [restrictions] as have been imposed and not others which the legislature has omitted." The legislature has omitted to impose restrictions as to nurses and X-ray photographers. It is, therefore, not for the court to exclude their testimony.

As above indicated, courts are in conflict as to the competency of nurses and technicians to testify under statutes like the instant one. Some courts, under the doctrine of agency, hold them incompetent to divulge information obtained at the direction of a physician for purposes of diagnosis or treatment. Five decisions are cited in an opinion

filed by the trial judge as to this effect in support of his holding: *Mississippi P. & L. Co. v. Jordan,* 164 Miss. 174, 143 So. 483; *Culver v. Union Pacific R. Co.* 112 Neb. 441, 199 N. W. 794; *Meyer v. Russell,* 55 N. D. 546, 214 N. W. 857; *Hogan v. Bateman Contracting Co.* 184 Ark. 842, 43 S. W. (2d) 721; *Hansen v. Sandvik,* 128 Wash. 60, 222 Pac. 205, 206. They tend to support his ruling, directly or by implication. The appellant cites four cases to the contrary: *Goodman v. Lang,* 158 Miss. 204, 130 So. 50; *Southwest Metals Co. v. Gomez* (C. C. A.), 4 Fed. (2d) 215; *First Trust Co. of St. Paul v. Kansas City Life Ins. Co.* (C. C. A.) 79 Fed. (2d) 48; *Frederick v. Federal Life Ins. Co.* 13 Cal. App. (2d) 585, 57 Fed. (2d) 235. All these cases are from jurisdictions beyond this state. We are not bound to follow any of them as precedents. We should follow the reason of the decisions rather than the decisions themselves. The reasoning of the four cases, rather than of the five, should, in our opinion, be followed as the better and stronger, and as in the interest of the disclosure rather than the suppression of truth, and of the furtherance rather than the obstruction of justice. They are in line with our decisions in the *Borosich* and *Bruendl Cases, supra,* and other decisions of this court limiting application of the statute to the persons and the conditions expressly covered by it.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment dismissing the counterclaim and awarding judgment according to the prayer of the complaint.

A motion for a rehearing was denied, with $25 costs, on February 15, 1938.