TILSEN, Appellant, vs. RUBIN, Respondent.

*October 8—November 9, 1954.*

132

134

For the appellant there was a brief and oral argument by *Norman N. Rosen* of Madison.

For the respondent there was a brief by *Maurice B. Pasch* of Madison.

BROWN, J. The language of the statute identifies the order which plaintiff seeks to obtain as one discretionary with the trial court. Accordingly, we should not reverse unless convinced that the court's action constituted a clear abuse of discretion. The statute is a remedial one and must be construed liberally. *Worthington P. & M. Corp. v. Northwestern Iron Co.* (1922), 176 Wis. 35, 186 N. W. 156. The burden of establishing such abuse of discretion is on the appellant. He submits that his petition is sufficient under the statute in stating that the desired documents are in the defendant's possession and control and not in his own and in describing how and why the evidence contained in them is material and relevant to the action. Defendant made no written reply or counteraffidavit to the petition and we do not understand him to claim now that the books of account do not contain the in-

formation by which the department's profit and, consequently, plaintiff's damages, if he is entitled to any, may be established. The pleadings are to be taken into consideration to determine the relevancy of the records sought to be produced. *Hudson v. Graff* (1948), 253 Wis. 1, 3, 33 N. W. (2d) 174. In the absence of any showing by the defendant of lack of materiality or relevancy, we consider that this petition cannot be dismissed for insufficiency.

On the merits of plaintiff's application, the damage issue concerns the profit of the built-up roofing department. By the employment contract plaintiff was to share in that profit. It requires little argument to convince us that the reasonable and natural sources of information from which business profits are ascertained are the business books of account and, if the entries need confirmation, the documents from or on account of which the book entries were made, including those documents and records called for by plaintiff's petition. Defendant does not say that this information is not in the books and records whose inspection plaintiff seeks, or that it is available to plaintiff elsewhere. He submits, however, that it is the fact and was known to the trial court that the built-up roofing department is one division of his construction business with no separate records of its own and that to comply with plaintiff's demand gives plaintiff access to much information with which he is not concerned which would be particularly harmful to defendant because plaintiff is now a business competitor.

In a profit-sharing enterprise whose difficulties are reported in *Hudson v. Graff, supra,* we said it seemed futile for the defendant to claim that the information concerning profits which plaintiff sought to obtain from an inspection of defendant's business records, more extensive than that which is demanded here, was irrelevant or unnecessary, and we added (p. 7) :

". . . it is obvious under the facts stated in the affidavits and pleadings that Hudson and Graff were jointly engaged in the transactions in question under agreements which entitled Hudson to share in some of the net profits thereof, and that *he is therefore entitled* in this action for an accounting in relation thereto and to have the court order, as it did, Graff to produce for inspection and examination by the plaintiff and his accountant and attorneys the records, etc., listed in said Exhibit A at the place and time specified in the order, in so far as it is within Graff's power so to do." (Emphasis supplied.)

In *Ellinger v. Equitable Life Assur. Society* (1907), 132 Wis. 259, 111 N. W. 567, the plaintiff's contract gave him a share in the profits of certain policies. He could only ascertain the amount to which he was entitled from information to be derived from the defendant. Although the defendant had given him statements of his share, he applied for an inspection of records under the statute we consider now, then known as sec. 4183, Stats. We said (p. 267):

"The plaintiff was not bound to accept the defendant's volunteered statements as to such amounts, but for the purpose mentioned *had the right to an inspection* of any books, papers, or documents in the defendant's possession or under its control." (Emphasis supplied.)

In both the *Ellinger* and the *Hudson Cases* the trial courts granted the petitions for inspection and we recognize that decisions that discretion was not abused by the grant are not decisions that discretion would have been abused by refusal. But, in view of the language concerning *rights* and information which a party is *entitled* to obtain by inspection, we cannot doubt that the justices who spoke so strongly would have held the denial of the right to be a clear abuse of discretion. At any rate, we so hold in the profit-sharing case before us. The data to determine profits is stated to be in the designated books and records in defendant's possession. Information

necessary to plaintiff's proof of damage can be derived only from the defendant. He has a "right" to the inspection. He is "entitled" to it. It is not his fault that defendant has mixed this information with that having to do with parts of the business to which plaintiff is a stranger. Defendant cites *Worthington P. & M. Corp. v. Northwestern Iron Co., supra,* and *Northern Wisconsin Co-op. Tobacco Pool v. Oleson* (1927), 191 Wis. 586, 211 N. W. 923, decrying fishing expeditions and commissions to ransack the adverse party's books and papers. We do not read plaintiff's petition as demanding such procedures which, certainly, are not to be tolerated. But the fact that defendant's system of bookkeeping may mix information to which plaintiff is not entitled with that which he has a right to obtain cannot be the ground, without an abuse of discretion, on which to deny him the acknowledged and established right.

The order granting the inspection and the taking of copies may and should guard against the abuses of "fishing" and "ransacking" by confining the search to those items having to do with the built-up roofing department's profits, under suitable conditions of inspection, as was done by the orders in the *Hudson* and *Ellinger Cases, supra.*

*By the Court.*—Order reversed. Cause remanded with directions to enter an order permitting inspection of books and records described in plaintiff's petition not inconsistent with the opinion.