CULLIGAN, INC., Respondent, vs. RHEAUME and others, Appellants.*

*November 11—December 7, 1954.*

---

* Motion for rehearing denied, with $25 costs, on February 8, 1955.

300

301

302

For the appellants there was a brief by *Muchin & Muchin* of Manitowoc, and *Welsh, Trowbridge, Wilmer & Bills* of Green Bay, and oral argument by *Frederick N. Trowbridge*.

For the respondent there was a brief by *Clark, Rankin & Nash* of Manitowoc, and oral argument by *A. F. Rankin*.

CURRIE, J.   The order here appealed from was entered pursuant to sec. 269.57 (1), Stats., which provides in part as follows:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a

specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding *or* may require the deposit of the books or documents with the clerk and may require their production at the trial. . . ." (Italics supplied.)

The first contention advanced by counsel for the defendants is that the italicized word *"or"* appearing in the above-quoted statute is to be given its ordinary meaning of a disjunctive particle rather than to be construed to mean *"and."* In line with this contention it is argued that the trial court under the statute may either grant the plaintiff an inspection of the records or he may require the deposit of such records with the clerk of the court and their production at the trial, but cannot require both the inspection and the deposit with the clerk as was directed to be done in the order entered in the instant case.

In considering this issue due consideration must be given to the fact that sec. 269.57 (1), Stats., is a remedial statute which must be liberally construed by the courts. *Tilsen v. Rubin* (1954), ante, p. 131, 66 N. W. (2d) 648; *Frank v. Marquette University* (1932), 209 Wis. 372, 376, 245 N. W. 125; and *Worthington P. & M. Corp. v. Northwestern I. Co.* (1922), 176 Wis. 35, 46, 186 N. W. 156. A plain reading of the statute makes it at once apparent that it has two objectives: First, to enable the party to an action to have an inspection of property, books, and documents in the possession of the other party which may be necessary in order either to enable the former to properly plead or to prepare for trial; and, secondly, to insure that books and documents in the possession of the opposite party may be available as evidence at the trial of the action by ordering the same deposited with the clerk for safekeeping and production at the trial.

To construe the relief permitted under the statute preceding the italicized word *"or,"* and that permitted under the portion

of the statute following said word, to be mutually exclusive of each other, as contended for by defendants' counsel, seems to us to lead to an inconsistent and absurd result. The ordering of the impounding of records and documents with the clerk for production at the trial, with no right of inspection by the party seeking the same until trial, would not only greatly handicap a party situated as is the plaintiff in the instant case, but might also greatly delay and disrupt the orderly procedure of the trial itself. For example, if the plaintiff were granted no right of prior inspection as to the impounded records before trial, much time of the trial might be required to be consumed from time to time while plaintiff's counsel examined such records and discussed their nature with officers or employees of plaintiff preparatory to questioning the defendants, or their witnesses, relative to the same. On the other hand, the granting of the right of inspection of such books and records by the moving party, together with the right to make copies, is not a full substitute for the ordering of the safekeeping and production of such books and documents at the trial, especially if such books and documents are voluminous, as they may well be in the instant case.

We are constrained to conclude that the two methods of relief afforded by the statute are not mutually exclusive and that, while the trial court in a proper case may grant one or the other to the moving party, there is nothing in the statute which prevents the court in its sound discretion from granting both in the same order as was done here. Parenthetically, it might be observed that in the instant case the ordering of the deposit of the records of the defendant Soft Water Supply Company with the clerk of the court was incidental to the right of inspection granted to plaintiff and not for the purpose of safekeeping such records so that they might be produced at the trial, in view of the further provision that such documents should only remain in the clerk's office for a period of ten days.

The second contention advanced in behalf of defendant is that the order entered constitutes an abuse of discretion on the part of the trial court because the records of sales of the defendant Soft Water Supply Company, as to which plaintiff was granted the right of inspection, were not limited to sales made to plaintiff's franchised operators. Inasmuch as the complaint alleges that plaintiff has approximately one thousand of such operators to whom it has granted franchises, it is urged that it would have been a simple matter for plaintiff to have supplied a list of the same, and, therefore, the court should have directed plaintiff to supply such a list, and that the sales records, which the defendant Soft Water Supply Company was ordered to deposit in the clerk's office for plaintiff's inspection, should have been restricted to sales made to such franchised operators whose names appeared in such list.

It would appear that counsel in advancing such contention have not fully comprehended the scope of the cause of action for unfair competition alleged in plaintiff's complaint. 1 Callmann, Unfair Competition and Trade-Marks (2d ed.), p. 18, sec. 2, states:

"It is the purpose of the law of unfair competition to protect the competitive position of the business enterprise. In principle, the rules of competition guarantee the maintenance of a competitive order and any violation disturbs this order. Every competitor tries to eliminate his rival as an effectively competitive business activity. In practice, the competitor unfairly directs his attack at the commercial equipment upon which his rival depends in the competitive struggle. Though the wrong stems out of the violation of a code of equitable conduct rather than injury to particular values, the violation of related duties rather than the infringement of particular rights, the violation of rights and the injury to values are evidentiary factors which define the extent of the defendant's wrongful conduct. *The latter's intent or success in diverting trade from another may be shown by such acts as his imitation of the plaintiff's trade-mark, his betrayal or unlawful obtention of plaintiff's trade secrets, interference with plain-*

*tiff's contracts, slander of plaintiff's reputation, etc."* (Emphasis supplied.)

An analysis of plaintiff's complaint discloses that the allegations thereof charging the defendants with unfair competition embrace all four types of conduct set forth in the italicized sentence in the foregoing quotation. The alleged unlawful acts of the defendants in causing operators franchised by plaintiff to breach their contracts with plaintiff by purchasing merchandise, equipment, and supplies from the defendant Soft Water Supply Company, which such operators were obligated to procure from the plaintiff, constitutes but one phase of the unfair competition charged in the complaint. The making use of trade secrets obtained by the defendants Rheaume and Soft Water Service, Inc., under their franchise from plaintiff, in making sales to soft-water operators located all over the United States, would constitute an act of unfair competition irrespective of whether or not such purchasers were franchised by plaintiff. Likewise the unauthorized use by the defendants of any registered trade-mark or trade name of the plaintiffs in making any of said sales would be an actionable act of unfair competition.

The information contained in the defendant Soft Water Supply Company's sales records to all purchasers of soft-water equipment, merchandise, and supplies of a type competing with the products of the plaintiff, irrespective of whether such purchasers were holders of franchises from plaintiff, would constitute *"evidence relating to the action,"* within the provisions of sec. 269.57 (1), Stats., with respect to the allegations of the complaint charging unauthorized use of trade secrets, trade-marks, and trade names. There, therefore, was no abuse of discretion on the part of the trial court in requiring the defendant Soft Water Supply Company to deposit records covering its sales to all soft-water operators,

whether franchised by plaintiff or not, and granting the plaintiff the right to inspect the same.

Defendants' counsel points out that the order for inspection approved in *Townsend v. La Crosse Trailer Corp.* (1948), 254 Wis. 31, 35 N. W. (2d) 325, provided that custody of the books and records, as to which plaintiff was granted the right of inspection, was permitted to be retained by the defendant corporation, and that such order further provided that the defendant should have the right to supervise the examination thereof by plaintiff to the extent that no improper use was made of the books and records, and so that none was misplaced, destroyed, or lost. It is urged that the order in the instant case should have contained like safeguards for the protection of the defendant Soft Water Supply Company. However, the books and records covered by the order for inspection in the *La Crosse Trailer Corp. Case* were ever so more extensive than covered by the order in the instant case and included books and records to which the corporation daily would have to refer in the course of conducting its business. The past sales records of the defendant Soft Water Supply Company are not of such category. The ordering of the records deposited with the clerk of court for ten days carries with it the implication that the clerk will be responsible for the safeguarding of the same while in his custody. We can perceive of no abuse of discretion on the part of the trial court providing for the mechanics of the inspection granted to plaintiff in the manner specified in the order.

We come now to the last contention advanced by defendants' counsel that, inasmuch as the prayer of the complaint asks for an accounting of defendants' profits, the trial court should first have determined whether the plaintiff was entitled to such an accounting before ordering an inspection

of the sales records of the defendant Soft Water Supply Company. Counsel frankly admit that such issue was not raised in the trial court but is being urged here upon the appeal for the first time. Ordinarily this court will not consider assignments of error as to issues which have not been presented to the trial court. *Will of Brandon* (1916), 164 Wis. 387, 390, 160 N. W. 177; *Marshall & Ilsley Bank v. Voigt* (1934), 214 Wis. 27, 34, 252 N. W. 355; and *Perkins v. Peacock* (1953), 263 Wis. 644, 650, 58 N. W. (2d) 536. However, as pointed out by Mr. Justice (later Chief Justice) ROSENBERRY in his opinion in *Cappon v. O'Day* (1917), 165 Wis. 486, 162 N. W. 655, such rule is one of administration and not of power, and in that case the court did proceed to decide an issue not presented below.

Inasmuch as the question raised by defendants is one of law which this court apparently has not heretofore decided and as to which all necessary facts to dispose of it are fully disclosed in the record before us on this appeal, we have concluded to pass upon it in the hope that our decision on this point may be of assistance to trial courts who in the future may be requested to grant inspection pursuant to the provisions of sec. 269.57 (1), Stats., under similar circumstances to those which confronted the trial court in the case at bar.

Defendants' brief cites authorities in support of the principle that in a suit in the nature of a bill in equity for an accounting the general procedure followed is to first determine the issue of whether an accounting should be decreed, and, if it is determined that the party seeking the accounting is entitled thereto, an interlocutory judgment is then entered to such effect before the court proceeds with the accounting or refers the same to a special master, or referee, to conduct. From this, counsel urge that in the instant case the trial court should first have made an interlocutory determination of whether plaintiff was entitled to have an accounting of profits

from the defendants before ordering an inspection of the defendant Soft Water Supply Company's sales records.

In the first place we do not have presented in plaintiff's complaint a bill in equity for an accounting but an action of unfair competition seeking injunctional relief and damages, part of which damages may be measured by an accounting of defendants' profits. In unlawful-competition actions involving the wrongful use of trade names and trade-marks, the profits of the wrongdoer may constitute the plaintiff's measure of damages. 4 Callmann, Unfair Competition and Trade-Marks (2d ed.), pp. 1881 *et seq.*, secs. 89.3 (a) and 89.3 (b). In view of the fact that the instant action is not technically a bill for accounting, we consider it would be optional in the discretion of the trial court whether or not to make an interlocutory determination of the issue of unfair competition before proceeding with the trial of the issue of damages.

Secondly, an inspection of the sales records of the Soft Water Supply Company to franchise operators of the plaintiff may be necessary on the part of plaintiff in order to establish that defendants caused said operators to breach their contracts with plaintiff irrespective of the issue of proving the extent of damages to which plaintiff may be entitled by reason thereof. This would mean that, if the trial court did elect in its discretion to make an interlocutory determination of the unfair-competition issue before proceeding to the damage issue, nevertheless, plaintiff might well be entitled to have inspection of some of the Soft Water Supply Company's sales records prior to such interlocutory determination. If an interlocutory decree were entered in plaintiff's behalf as to the defendants' unlawful use of trade-marks or trade names, the plaintiff then would be entitled to an inspection of all of such sales records for reasons hereinbefore stated. We do not deem that an interpretation of sec. 269.57 (1), Stats., which

would result in such piecemeal inspection of records being ordered, is required.

In conclusion, it is our considered judgment that the order appealed from is in all respects proper and in accord with the statute, and must be affirmed.

*By the Court.*—Order affirmed.