WISCONSIN STEEL TREATING & BLASTING COMPANY and another, Plaintiffs and Appellants, v. DONLIN and wife, Defendants and Respondents: DOLHUN, Impleaded Defendant and Appellant.

*March 5—March 31, 1964.*

380

For the appellants there was a brief and oral argument by *Martin J. Price* of Milwaukee, and *E. L. Kennedy* of Rhinelander.

For the respondents there was a brief by *William F. Yes-chek* of Minocqua, attorney, and *O'Melia & Kaye* of Rhine-lander of counsel, and oral argument by *Walter F. Kaye.*

CURRIE, C. J.    While appellants' brief attempts to raise a number of issues, we consider that the only pertinent issue presented by this appeal is whether the order appealed from constituted an abuse of discretion by the trial court. *Tilsen v. Rubin* (1954), 268 Wis. 131, 66 N. W. (2d) 648. Embraced within this issue are such subsidiary issues as to whether defendants made a sufficient showing to entitle them to the relief granted, and whether the inspection permitted is too broad in scope.

The pleadings and the adverse-examination depositions reveal the following pertinent facts: On May 11, 1961, defendant J. L. Donlin purchased a property known as Dolhun's Resort on Lake Tomahawk. The price was $267,000; as consideration for the balance defendant J. L. Donlin executed the $150,000 note payable to Theodore Dolhun and Johanna, his wife, and executed the mortgage securing the same, both of which are the subject matter of plaintiffs' action. Mrs. Donlin did not sign the note, but did sign the mortgage. Theodore Dolhun owns 97 percent of the capital stock of Wisconsin Steel Treating & Blasting Company (hereinafter the "corporation") which at the time of sale owned a leasehold interest in part of the resort property. In the fall of 1962 Dolhun assigned his half interest in the note and mortgage to the corporation in satisfaction of an obligation he owed to it. One Luntz, vice-president and comptroller of the corporation kept the books of account relating to the resort and also made out the 1959 and 1960 state income-tax returns of Mr. and Mrs. Dolhun and the corporation.

The adverse examination of J. L. Donlin discloses the nature of the false representations which Donlin claims were made by Dolhun to induce him to purchase the resort prop-

erty. While Dolhun steadfastly refused to permit Donlin to inspect any books and records pertaining to the resort, he did furnish Donlin with a list of the cottages and motel units. From this list Donlin computed that the gross annual rentals would be $25,515. This figure was then presented to Dolhun together with an estimate of other resort income which Donlin had made. This latter estimate covered income from gasoline sales, motor sales, boat rental, boat warehousing, car rental, and from the restaurant. Donlin then asked Dolhun how these estimates compared to the actual receipts and Donlin testified that Dolhun replied, "Close,—it's amazing how close he is, isn't it, Luntz?" The question portion of such reply was addressed to Luntz who was also present. This reply, reasonably interpreted, constituted a representation that the annual income of the resort was approximately that of the estimate.

The counterclaim and cross complaint allege that Dolhun made a material false representation with respect to the resort income. Such a false representation affords the basis of a cause of action for rescission. *Beiler v. Krnak* (1956), 273 Wis. 85, 76 N. W. (2d) 545. In the *Beiler Case* the representations with respect to income were proved false by the vendor's income-tax returns. Thus, in the present case we conclude that defendants Donlin are entitled to examine the 1959 and 1960 state income-tax returns, since the resort income reported therein would be material as to the issue of the falsity of Dolhun's representations. Therefore, we find no abuse of discretion in that part of the order appealed from which allows such an inspection.

Donlin also testified that Dolhun made certain representations as to the book values of various items composing the resort assets, and that Luntz also furnished him with a sheet on which the book values of these assets were stated. The counterclaim and cross complaint allege that during the negotiations for sale Dolhun falsely represented the value of the

assets comprising the resort. On the basis of the limited facts before us it would appear that Luntz, in furnishing a list of book values to Donlin, was acting as agent for Dolhun as well as the corporation. "Book value" normally represents cost less depreciation. *Cook County v. Vulcan Materials Co.* (1959), 16 Ill. (2d) 385, 390, 158 N. E. (2d) 12. See also *Mills v. Rich* (1930), 249 Mich. 489, 493, 229 N. W. 462. A false representation by a seller that a purchaser was purchasing property at the actual cost thereof is sufficient to support a cause of action for rescission. *Rimling v. Scherper* (1932), 206 Wis. 532, 544, 240 N. W. 159. See also Anno. 66 A. L. R. 188.

Appellants contend that, because Dolhun during the negotiations for sale refused Donlin's request to see the books of account appertaining to the resort, Donlin is barred from now obtaining an inspection of such books by court order pursuant to sec. 269.57, Stats. No authority directly in point is cited by appellants in support of this contention. *Thomsen v. Olson* (1935), 219 Wis. 145, 262 N. W. 601, is cited for the principle that a contract can only be changed by agreement of the parties, thus implying that it was part of the instant contract of purchase that Donlin was never to see the resort books. The record does not establish that the contract so provided and we find no merit to this contention. Under the allegations of the counterclaim and cross complaint with respect to misrepresentation of book value, the resort books and records of the Dolhuns and the corporation, which reflect the cost of any of the resort assets, are competent and material evidence. The corporation's leasehold covered certain resort improvements. For this reason its books and records reflecting cost of resort assets stand in the same category as resort books and records of the Dolhuns.

We determine that there is no abuse of discretion in the order permitting the Donlins to inspect any of the appel-

lants' books and records which reflect the cost of any of the resort assets. Neither does such an order invade the constitutional rights of appellants. 17 Am. Jur., Discovery and Inspection, p. 11, sec. 7, and cases cited in footnote 2. However, the order is not expressly limited to such books and records as reflect the cost of resort assets, but is subject to the interpretation that it might extend to other books and records of the appellants. We, therefore, adjudge that paragraph 2 of the order should be modified to read as follows:

"2. IT IS THE FURTHER ORDER OF THE COURT that the defendants shall be permitted under the supervision of the circuit court to examine those books, records and documents in possession of the plaintiffs and impleaded defendant which reflect the costs of the properties involved in this action for the purpose of determining such costs therefrom. Such examination shall be made at the place of business of the plaintiff Wisconsin Steel Treating & Blasting Company, in the city of Milwaukee, and plaintiffs are permitted to make copies of such documents or records as is authorized by Section 269.57 of the Wisconsin Statutes."

By providing that the inspection is to be "under the supervision of the circuit court" does not mean that some representative of the court must be present at the time inspection is made. Its objective is to make it clear that, if any dispute arises over what books and records or portions thereof the defendants Donlin have been granted the right to inspect, the dispute is to be resolved by application to the circuit court.

*By the Court.*—The order appealed from is modified as adjudged in the opinion and, as so modified, is affirmed.