WILKINS and husband, Respondents, v. DURAND, d/b/a THE HAYLOFT, Appellant.

*No. 290. Argued June 3, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 892.)

528

For the appellant there were briefs by *Campbell, Brennan, Steil & Ryan* of Janesville, and oral argument by *James E. Brennan.*

For the respondents there was a brief by *Wickhem, Consigny & Sedor,* and oral argument by *Richard E. Hemming,* all of Janesville.

HANLEY, J. Two issues are presented on appeal: (1) Is the order appealable; and (2) where defendant seeks the copy of plaintiff's medical records, is the depositing of sealed medical records with the clerk of court sufficient compliance with sec. 269.57 (1), Stats.?

### Appealability of order.

The trial judge in the instant case determined that he was the proper party to separate the privileged from the unprivileged records; and he then ordered respondent to authorize an entire copy of her medical records to be sent from the Mayo Clinic to his clerk. It is the respondent's contention that in so doing the trial judge did not deny a provisional remedy but merely set down guidelines within which the defendant-appellant's remedy could be exercised. Plaintiff-respondents thus conclude that the appellant's appeal should be dismissed [2] and cite *State ex rel. Finnegan v. Lincoln Dairy Co.* (1936), 221 Wis. 15, 265 N. W. 202; *Will of Block* (1953), 264 Wis. 471, 59 N. W. 2d 440; and *Dostal v. Magee* (1956), 272 Wis. 509, 76 N. W. 2d 349, for the proposition that an order limiting the scope of a discovery examination is not an appealable order.

The appellant, however, contends that these cases are not in point since what is involved herein is the suppression of an entire discovery deposition, not merely a limitation upon the scope of discovery. The order here under consideration denied the appellant's request (1) That respondent be required to furnish her with a copy of respondent's Mayo Clinic medical records; (2) that respondent be required to permit the Mayo Clinic custodian of records to testify at a deposition; and (3) that trial be continued until such requests are complied with.

Although the trial court's oral opinion intimated that it would decide the privilege issue prior to commencement of trial, the order itself does not so specify. If the trial court delayed its ruling upon privilege until commencement of trial, even unprivileged portions of the record

---

[2] By order dated February 12, 1970, this court dismissed the respondents' motion to dismiss this appeal without prejudice to the respondents' right to reassert such motion.

might have been inadmissible at trial, since, for reasons mentioned earlier, a proper foundation therefor would have been unobtainable. The notice of appeal for this case was filed on November 3, 1969. Since the trial of this action was set for November 11, 1969, the appellant could not afford to delay much longer.

It should be noted that subsequent to the entry of the order here in question and prior to the filing of the notice of appeal therefrom, the appellant attempted to enter into a stipulation with the respondent whereby any unprivileged records could be admitted into evidence without the necessity of the custodian of record's testimony. This was unacceptable to the respondents. We think that the uncertainty left by the trial court's order, coupled with the denials of his other motions and the imminence of trial, constitutes a denial of discovery, thus rendering the trial court's order appealable.[3]

*Compliance with sec. 269.57 (1), Stats.*

It is the appellant's contention that the mere depositing of such records with the clerk of courts without permission to examine and copy such records is not sufficient compliance with sec. 269.57 (1), Stats.

Sec. 269.57 (1), Stats., states:

"(1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or *inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding and may require the deposit of the books or documents with the clerk and may require their production at the trial.* If compliance with the order be refused, the court may exclude the paper from being

---

[3] "274.33 **Appealable orders.** The following orders when made by the court may be appealed to the supreme court:

". . .

"(3) When an order grants, refuses, continues or modifies a provisional remedy . . ."

given in evidence or punish the party refusing, or both." [4] (Emphasis supplied.)

As was noted earlier, the introduction of any records into evidence, regardless of whether or not they are privileged, would require a proper foundation by the Mayo Clinic custodian of records.[5] Thus, when the respondent

---

[4] Although not relied upon by the appellant, subs. (2) and (3) are also relevant:

"(2) The court or a presiding judge thereof may, upon due notice and cause shown, in any action brought to recover for personal injuries, order the person claiming damages for such injuries to submit to a physical examination by such physician or physicians as such court or a presiding judge may order and upon such terms as may be just; and *may also order such party to give to the other party or any physician named in the order, within a specified time, an inspection of such X-ray photographs as have been taken in the course of the treatment of such party for the injuries for which damages are claimed, and inspection of hospital records and other written evidence concerning the injuries claimed and the treatment thereof;* and if compliance with the portion of said order directing inspection be refused, the court may exclude any of said photographs, papers and writings so refused inspection from being produced upon the trial or from being used in evidence by reference or otherwise on behalf of the party so refusing.

"(3) No evidence obtained by an adverse party by a court-ordered physical examination or inspection under sub. (2) shall be admitted upon the trial or by reference or otherwise unless true copies of all reports, photographs, records, papers and writings made as a result of such examination or inspection and received by such adverse party have been delivered to the party claiming damages or his attorney not later than 15 days after the said reports, photographs, records, papers or writings from any such court-ordered physical examination are received by the said adverse party, provided that in an action for recovery of personal injuries, *the party claiming damages shall in return deliver to the adverse party against whom the action is brought a true and correct copy of all reports of each physician who has examined or treated such person with respect to the injuries for which damages are claimed.*" (Emphasis supplied.)

[5] Sec. 889.25, Stats.

objected to questions put to the custodian at his deposition, admissibility of even unprivileged records was foreclosed since the custodian could not later be subpoenaed.

The respondent argues that under the privilege granted by sec. 885.21, Stats.,[6] as interpreted by *Leusink v. O'Donnell* (1949), 255 Wis. 627, 39 N. W. 2d 675, the appellant is entitled to receive only those records which relate either to injuries for which recovery is sought or relevant pre-existing injuries. In *Leusink, supra,* the plaintiff commenced an action to recover for injuries suffered in an automobile accident. At an adverse examination of the plaintiff it was discovered that the plaintiff had pre-existing afflications to his left arm. The defendants then indicated that they would need the plaintiff's medical records so that they could establish the nature and extent of the plaintiff's disability prior to trial. Although the trial court held sec. 269.57, Stats., inapplicable and denied defendant's motion to acquire the plaintiff's medical records, this court reversed and allowed inspection of plaintiff's medical records *insofar as they related to pre-existing injuries which were relevant to the injuries allegedly caused by the defendant.* The respondents thus argue that under *Leusink, supra,* the appellant was apparently not allowed to have access to the Mayo Clinic records until the unrelated privileged material had been removed.

The appellant counters by pointing out that this argument has no merit because the respondents have not indicated which portion of the medical records were inapplicable to injuries of the back and spine. Of the cases

---

[6] **"Communications to doctors.** (1) No physician or surgeon shall be permitted to disclose any information he may have acquired in attending any patient in a professional character, necessary to enable him professionally to serve such patient, except only:

"...

"(d) With the express consent of the patient ..."

cited in support of the contention that one seeking to exercise the privilege provided by sec. 885.21, Stats., cannot bar discovery by the mixing of records, *Tilsen v. Rubin* (1954), 268 Wis. 131, 66 N. W. 2d 648, and *Ellinger v. Equitable Life Assurance Society* (1907), 132 Wis. 259, 111 N. W. 567, are most in point.

In *Tilsen, supra,* the plaintiff sought to recover damages for the breach of an employment contract, alleging that he had been wrongfully discharged and deprived of a percentage of the profits from the defendant's roofing business. When the trial court denied his petition to inspect under sec. 269.57, Stats., the plaintiff appealed to this court. On appeal the defendant did not dispute the relevancy of the coveted records. He contended that to comply with the plaintiff's request would supply him with too much information because the ". . . roofing department [was] one division of his construction business with no separate records of its own and that to comply with plaintiff's demand gives plaintiff access to much information with which he is not concerned which would be particularly harmful to defendant because plaintiff is now a business competitor." In response to this argument this court stated, at page 137:

". . . [Plaintiff] has a 'right' to the inspection. He is 'entitled' to it. It is not his fault that defendant has mixed this information with that having to do with parts of the business to which plaintiff is a stranger. . . ."

In *Ellinger v. Equitable Life Assurance Society, supra,* the plaintiff's contract entitled him to share in the profits of certain policies. Although the defendant had given the plaintiff statements of his shares, the plaintiff, who could not get relevant information from any other source, sought to inspect the records, relying on the predecessor of sec. 269.57, Stats. This court there noted, at page 267:

". . . The plaintiff was not bound to accept the defendant's volunteered statements as to such amounts, but

for the purpose mentioned had the right to an inspection of any books, papers, or documents in the defendant's possession or under its control. . . ."

While these cases indicate this court's unsympathetic attitude toward those claiming that since the coveted records contain extraneous materials the entire record should be kept from the party seeking such records, neither case stands for the proposition that the entire record, including extraneous matter, is to be afforded the requesting party. It should also be noted that neither case elaborates on, or even suggests, the method in which the privileged is to be separated from the unprivileged.

The appellant also argues that even if the respondents had indicated the portion of the medical records which did not pertain to either her present or pre-existing back injuries, for *discovery* purposes, an examination of all of respondent's Mayo Clinic medical records should be allowed. According to this argument the respondents could later exercise their privilege by objecting to the admissibility of privileged records.

The question which thus arises is whether the privilege embodied in sec. 885.21, Stats., can be exercised so as to foreclose discovery as well as admission into evidence. Stated another way, who is to determine what portions of medical records are privileged (*i.e.*, not relevant to the injuries for which recovery is sought)?

As early as *Prudential Ins. Co. v. Kozlowski* (1938), 226 Wis. 641, 644, 276 N. W. 300, this court stated:

"The reason of the rule of the statute, as far as it has any, is that patients may be afflicted with diseases or have vicious or uncleanly habits necessary for a physician to know in order to treat them properly, disclosure of which would subject them to humiliation, shame, or disgrace, and which they might refrain from disclosing to a physician if the physician could be compelled to disclose them on the witness stand. *Boyle v. Northwestern Mutual Relief Asso.* 95 Wis. 312, 70 N. W. 351. If

the disclosures to the physician be such as not to subject the patient to shame or affect his reputation or social standing, there is no reason why a physician should not disclose them, and sound reason why in the interest of truth and justice he should be compelled to disclose them. The physician's exemption from disclosure should in reason be limited to such disclosures as would injure the patient's feelings or reputation. The statute too often works, as stated by Mr. Justice OWEN in his dissenting opinion in *Maine v. Maryland C. Co.* 172 Wis. 350, 359, 178 N. W. 749, 'to cheat rather than to promote justice and to suppress rather than reveal truth.' . . ."

*See also: Cretney v. Woodmen Accident Co.* (1928), 196 Wis. 29, 219 N. W. 448; *Culligan, Inc. v. Rheaume* (1954), 268 Wis. 298, 67 N. W. 2d 279.

Later, in *Alexander v. Farmers Mut. Automobile Ins. Co.* (1964), 25 Wis. 2d 623, 628, 131 N. W. 2d 373, it was held that, assuming the inspection statute is in conflict with the privilege statute:

". . . Sec. 269.57 (1), Stats., should nonetheless prevail since it is a remedial statute and to be construed liberally, while sec. [885.21], is to be strictly construed."

*Thompson v. Roberts* (1955), 269 Wis. 472, 69 N. W. 2d 482, involved an action for personal injuries stemming from an automobile accident. Following an adverse examination, it was learned that the plaintiff had prior susceptibility to bronchitis and a prior condition of nervousness. The defendant then applied for an order directing plaintiff to allow inspection and copying of records pertinent to both his pre-existing bronchitis and nervous condition. While the trial court granted the motion concerning records pertaining to bronchitis, it denied the motion concerning records pertaining to plaintiff's pre-existing nervousness. This court in reversing the trial court's denial of such records stated that although two of plaintiff's psychiatrists submitted affidavits stating that the troubles which beset him before the accident were unconnected with the conditions

for which he commenced actions against the defendants, ". . . defendants are not to be concluded by their opinion. . . ." This court then noted that ". . . In the opinion of [defendant's] experts the records sought to be inspected may tell a different story. . . ." *Thompson v. Roberts, supra,* at page 476.

We think *Thompson, supra,* indicates that the party claiming privilege should not be the sole judge of what evidence is relevant and that the party seeking records should at least be included in the determination of what portions of the medical records are privileged. If the appellant is not present at such determination, he is automatically foreclosed from appealing from such determination; and this court is thereby denied the opportunity to review.

The respondents argue that if the appellant is allowed to view the entire medical record and to participate in determining what portions are not privileged, shame and humiliation would be suffered, and the purpose of sec. 885.21, Stats., defeated. We do not agree. In the instant case, the respondents granted authority for the examination of the Mayo Clinic records, and counsel for the appellant examined the records pursuant to the authority granted. We believe the entire record should be made available and the ruling on privilege reserved for trial.

We conclude that the trial court's order should be modified so as to allow the appellant to be present at the determination of privilege and grant sufficient time to acquire a proper foundation for admitting unprivileged matter into evidence.

*By the Court.*—Order modified and, as modified, affirmed. Costs allowed appellant.