LEUSINK, Respondent, vs. O'DONNELL and others, Defendants: ALLSTATE INSURANCE COMPANY, Appellant.

*October 12—November 15, 1949.*

For the appellant there was a brief by *Garrigan, Keithley, O'Neal & Mills* of Beloit, and oral argument by *Roger D. O'Neal.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Harry F. Knipp,* all of Janesville.

*W. L. Jackman* of Madison, for the defendant William O'Donnell, Jr.

BROADFOOT, J.    The petition in support of the motion for the order contained the following allegations: That the action was commenced by the plaintiff to recover for personal injuries and other damages sustained by the plaintiff in an au-

tomobile accident involving the defendants; that said action was then pending; that the accident from which the action arose occurred on July 24, 1947; that after issue was joined the plaintiff was adversely examined by the defendants on August 9, 1948; that at said adverse examination plaintiff testified that he was hospitalized for five days in June, 1947, and was treated by Dr. Rentz of Monroe, Wisconsin, for arteriosclerosis; that during December, 1946, he was hospitalized at the Veterans Administration Hospital at Wood, Wisconsin, for a period of six weeks for a weakness in his left arm; that plaintiff, through his attorneys, furnished the defendants with a copy of the medical report of Dr. Lester P. Brillman, who attended plaintiff for his injuries received in the accident; that said report indicated that plaintiff was suffering from multiple sclerosis which had existed prior to the accident and that plaintiff was suffering from an impairment of his left arm and left leg due to a disability existing prior to the accident; that defendants requested the attorneys for the plaintiff to make available to them the findings of the medical examination of the plaintiff by Dr. Rentz in June, 1947; that plaintiff's attorneys failed to provide defendants with the medical records requested; that one of the issues that will arise at the trial of said action will be the nature and extent of the disability of the plaintiff existing prior to the automobile accident; that the defendants cannot proceed safely to trial without an inspection of said medical records compiled at the Monroe Clinic, Monroe, Wisconsin, during June, 1947, upon the consultation by the plaintiff with Dr. Rentz and any other physicians concerned, and the medical records compiled at the Veterans Administration Hospital at Wood, Wisconsin, during December, 1946; such medical records were described as follows: (1) Hospital records; (2) nurses' notes and records; (3) technicians' notes and records; (4) medical reports of attending physicians; (5) other medical information of a documentary nature concerning the plaintiff; and that

the above-described records and documents are in the control of the plaintiff herein.

The plaintiff filed his own affidavit and that of one of his attorneys in opposition to the motion in which it is stated that the plaintiff had submitted to any and all physical examinations by physicians selected by the defendants; that all X rays taken in the course of treatment for his injuries for which damages are claimed, and all hospital records and other writ-. ten evidence concerning the injuries claimed and the treatment thereof, since the date of the accident, although not in plaintiff's possession, are open and available for inspection by the defendants, and that plaintiff has none of the records mentioned in the petition in his possession.

The petition of appellant closed with the following prayer for relief:

"Wherefore, your petitioner prays that on behalf of the defendants, Allen Spielmacher and Allstate Insurance Company he be allowed to inspect the above-described documents, and to take a copy thereof, or that copies thereof be delivered to him according to law and the rules and practice of this court, pursuant to Wisconsin statutes, section 269.57, at such time and in such manner and under such conditions as may be proper, and for such other and further relief as may be proper."

Sec. 269.57, Stats., reads as follows:

"*Inspection of documents and property; physical examination of claimant.* (1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding or may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both.

"(2) The court or a presiding judge thereof may, upon due notice and cause shown, in any action brought to recover for personal injuries, order the person claiming damages for such injuries to submit to a physical examination by such physician or physicians as such court or a presiding judge may order and upon such terms as may be just; and may also order such party to give to the other party or any physician named in the order, within a specified time, an inspection of such X-ray photographs as have been taken in the course of the treatment of such party for the injuries for which damages are claimed, and inspection of hospital records and other written evidence concerning the injuries claimed and the treatment thereof; and if compliance with the portion of said order directing inspection be refused, the court may exclude any of said photographs, papers and writings so refused inspection from being produced upon the trial or from being used in evidence by reference or otherwise on behalf of the party so refusing."

The trial court in its decision held that sub. (1) of sec. 269.57, Stats., is "obviously inapplicable." The court further held that sub. (2) only referred to records taken in the course of the treatment of the party for injuries for which damages are claimed, and other written evidence concerning the injuries claimed and the treatment thereof; that defendants' application was for the production of records made prior to the time of the accident and therefore sub. (2) was not applicable.

It is apparent from the record that the plaintiff, prior to the accident, had some disability in his left arm and left leg, resulting from some form of sclerosis. The medical reports in the record indicate that the plaintiff was suffering from a partial paralysis of the left arm and left leg after the accident. Plaintiff's disability, both before and after the accident, affected the same parts of his person and the same bodily functions. Therefore the extent to which his disabilities are attributable to the accident will be a question for the jury.

*Krantz v. Krantz,* 211 Wis. 249, 248 N. W. 155. The documents sought for inspection therefore contain evidence relating to the action as provided in sub. (1) of sec. 269.57, Stats., and that subsection is applicable.

The plaintiff contends that these records are privileged under sec. 325.21, Stats. This court has indicated in prior decisions that this statute is to be strictly construed. In *Prudential Ins. Co. v. Kozlowski,* 226 Wis. 641, 276 N. W. 300, it was held that the following evidence is admissible: (1) The testimony of the nurse who assisted the physician in the treatment of the insured; (2) the record made by the nurse upon the insured's admission to the hospital and during his treatment therein which was used by the physician in treating the patient; (3) the testimony of an X-ray operator employed by the hospital; and (4) an X-ray plate made by this operator at the direction of the attending physician. Following the rule laid down in that case it is apparent that the hospital records, nurses' notes and records, and the technicians' notes and records sought by the defendants are not privileged. If the privilege applies at all it would be to the medical reports of the attending physicians and other medical information of a documentary nature if made by an attending physician. The rule in this state under said privilege statute is stated in *Prudential Ins. Co. v. Kozlowski, supra,* as follows (p. 644):

"The reason of the rule of the statute, as far as it has any, is that patients may be afflicted with diseases or have vicious or uncleanly habits necessary for a physician to know in order to treat them properly, disclosure of which would subject them to humiliation, shame, or disgrace, and which they might refrain from disclosing to a physician if the physician could be compelled to disclose them on the witness stand. *Boyle v. Northwestern Mutual Relief Asso.* 95 Wis. 312, 70 N. W. 351. If the disclosures to the physician be such as not to subject the patient to shame or affect his reputation or social standing, there is no reason why a physician should not disclose them, and sound reason why in the interest of truth and

justice he should be compelled to disclose them. The physician's exemption from disclosure should in reason be limited to such disclosures as would injure the patient's feelings or reputation. The statute too often works, as stated by Mr. Justice Owen in his dissenting opinion in *Maine v. Maryland C. Co.* 172 Wis. 350, 359, 178 N. W. 749, 'to cheat rather than to promote justice and to suppress rather than reveal truth.' "

Because plaintiff's disability before and after the accident affected the same parts of his person it is his duty to furnish, so far as he is able, information as to the prior disability of his left arm and leg. The privilege would extend to physician's records as to treatments for any other prior illness or disability. Although the plaintiff did not specifically deny that the requested documents were in his control, it is apparent that his control over them is limited. Certainly he cannot be said to have control of the records in the hospital at Wood, Wisconsin, operated by the Veterans Administration, which is a federal agency. He can, however, be ordered to consent in writing to an inspection of said records by the appellant, its attorney, or by a physician designated by it, and such consent should be limited to records concerning treatment of his left arm and leg. Therefore, an order should be entered directing the plaintiff to consent in writing to an inspection of the hospital records, nurses' notes and records, technicians' notes and records, medical reports of attending physicians, and other medical information of a documentary nature concerning plaintiff, both at the Veterans Hospital at Wood, Wisconsin, and the Monroe Clinic at Monroe, Wisconsin, in so far as those records refer to disabilities to plaintiff's left arm and left leg and treatment given therefor.

*By the Court.*—Order reversed and cause remanded with instructions to enter an order in accordance with this opinion.