THOMPSON, Respondent, vs. ROBERTS and another, Appellants.

*March 9—April 5, 1955.*

For the appellants there were briefs by *Dudley O. Emmert* of Manitowoc, for Margaret Roberts and the State Farm

Mutual Automobile Insurance Company, and by *Welsh, Trowbridge, Wilmer & Bills* of Green Bay, for Robert Bourdow and the Western Casualty & Surety Company, and oral argument by *Mr. Emmert.*

For the respondent there was a brief by *Strehlow & Cranston* and *Kaftan, Kaftan & Kaftan,* all of Green Bay, and oral argument by *Fred F. Kaftan.*

BROWN, J. Sec. 269.57, Stats., reads as follows:

"(1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding or may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both.

"(2) The court or a presiding judge thereof may, upon due notice and cause shown, in any action brought to recover for personal injuries, order the person claiming damages for such injuries to submit to a physical examination by such physician or physicians as such court or a presiding judge may order and upon such terms as may be just; and may also order such party to give to the other party or any physician named in the order, within a specified time, an inspection of such X-ray photographs as have been taken in the course of the treatment of such party for the injuries for which damages are claimed, and inspection of hospital records and other written evidence concerning the injuries claimed and the treatment thereof; and if compliance with the portion of said order directing inspection be refused, the court may exclude any of said photographs, papers, and writings so refused inspection from being produced upon the trial or from being used in evidence by reference or otherwise on behalf of the party so refusing."

The trial court filed a characteristically thorough and studious memorandum decision which has been of much help to us. In this it appears that it considered that defendants' right to the inspection of doctors' records for services rendered prior to the accident, however far that right may extend, arises under sub. (1) of the statute and sub. (2) is inapplicable. In this we agree. We do not agree, however, with the court's conclusion that in *Leusink v. O'Donnell* (1949), 255 Wis. 627, 39 N. W. (2d) 675, we interpreted sec. 269.57 (1), Stats., in a manner which now permits an inspection of records pertaining to bronchitis but not of those pertaining to a pre-existing nervous or psychiatric condition. "Bronchial tubes" the trial court said, "the source of bronchitis, are as tangible as an arm or a leg," and it ordered plaintiff to consent to an examination of such records by defendants. But it continued: "I do not think that the *Leusink Case* was intended to pave the way for the inspection of past medical records because a plaintiff claims he was rendered nervous or 'more nervous' by the accident," and therefore the court denied defendants' petition in that regard.

The court was mistaken in the meaning and effect of the *Leusink* decision. We did not there distinguish between records concerning the different sorts of ailments alleged to have been aggravated by an accident, nor do we think we should. We see no reason to believe that the statute was intended to deny inspection of case records kept by psychologists, neurologists, or psychiatrists whom a patient had consulted, while permitting the inspection of similar records kept by physicians and surgeons.

Plaintiff has testified that since the accident crowds bother him to the extent that he has to leave church services before they are over; also he now has an inability "to face up to situations." It is our understanding that these are psychiatric manifestations and plaintiff admits that before the accident he found it necessary or desirable, both in army and

in civil life, to put himself in the hands of psychiatrists. Two of these filed affidavits stating that the troubles which now beset plaintiff are unconnected with the conditions for which he consulted them before the accident, but defendants are not to be concluded by their opinion. In the opinion of *their* experts the records sought to be inspected may tell a different story. We do not decide whether the psychic and nervous systems are as tangible as arms, legs, or bronchial tubes, but if they are so tangible that plaintiff may rest a claim for damages on an alleged injury to them, they are tangible enough to have their previously recorded imperfections disclosed to the person from whom the damages are sought. We consider that is the intent and purport of the statute, and necessarily follows from the decision in *Leusink v. O'Donnell, supra*.

The learned trial court considered the *Leusink Case* holds that the term "evidence," as used in sec. 269.57, Stats., includes records relating to the action although in and of themselves such records may not be admissible in evidence as independent evidentiary documents. This conforms to our understanding of the meaning and effect of the statute. The admissibility in evidence of the doctor's record must be determined upon the trial and may depend on many things, including the foundation laid for its introduction, but the right of a party to inspect records relating to the action does not depend on his ability to get the records admitted in evidence at the trial, nor on the court's opinion, presently, of their probable admissibility.

Sec. 269.57, Stats., is so phrased that the orders contemplated by it are discretionary and plaintiff submits that, in refusing to require his consent to an inspection of psychiatric and neurological records, the trial court was exercising discretion and is not to be reversed except as discretion is abused. We think that the trial court believed that the statute and the *Leusink Case* did not authorize examination

of records concerning ailments as intangible as nervous and psychiatric ills, and therefore denied defendants' application perforce rather than as an exercise of discretion. If so, our action is not affected by the rule that the trial court is not to be reversed except for an abuse of discretion. But, as in *Leusink v. O'Donnell, supra,* we consider that if the trial court determined it had power to grant defendants' petition and had nevertheless denied it, under the circumstances of this case we would be compelled to regard the denial as an abuse of discretion. Sec. 269.57 being what it is, defendants should not be forced to trial and compelled to defend against claims for psychiatric and neurological injuries while the plaintiff withholds from them available recorded information concerning his previous psychiatric and neurological condition. Therefore, whether the court abused a discretionary power or whether it acted upon a mistaken view of the law, we should do now as we did in *Leusink v. O'Donnell, supra,* and, in remanding the record, direct the action to be taken by the trial court.

*By the Court.*—The part of the order appealed from is reversed. Cause remanded with directions to enter an order requiring plaintiff to give written consent to defendants' inspection and right to copy records dealing with plaintiff's previous nervous and psychiatric condition, as such records are identified in the order to show cause dated June 24, 1954.