ALEXANDER and another, Appellants, v. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*October 29—November 24, 1964.*

624

For the appellants there was a brief by *Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo, and oral argument by *Vaughn S. Conway.*

For the respondent there was a brief by *Langer, Cross & Langer* of Baraboo, and oral argument by *Clyde C. Cross.*

WILKIE, J.   The principal issue on this appeal is whether Mrs. Alexander can be compelled, under sec. 269.57 (1),

Stats.,[1] to produce a consulting doctor's medical report for inspection by respondent. Her contention that the report does not have to be offered for examination runs headlong into decisions of this court in *Thompson v. Roberts*[2] and *Leusink v. O'Donnell.*[3] In *Thompson* and *Leusink,* as in the present case, the doctor who prepared the coveted report did not actually treat the plaintiff for injuries caused by the accident. These cases held that reports regarding the plaintiff's condition *prior* to the accident were subject to inspection by the defendants. *A fortiori* a report based on injuries received in the accident must be available to respondents.

Appellants contend that *Leusink* and *Thompson* should be overruled since the court failed to take notice of the legislative history of sec. 269.57 (1), Stats., in deciding them. Reference cannot be made to legislative history unless the statute is ambiguous.[4] Implicit in *Leusink* and *Thompson* is the court's feeling that sec. 269.57 (1) was plain and unambiguous, thus making a resort to history improper. At any rate, any intent considered would have to be that of this court since the present sec. 269.57 (1) resulted from a consolidation of two existing sections by supreme court rule in 1934.[5] The court's interpretation of its own intent is clearly enunciated in *Leusink* and *Thompson.*

Appellants take the position that the privilege of communication between a physician and his patient guaranteed

---

[1] 269.57 "(1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding. . . ."

[2] (1955), 269 Wis. 472, 69 N. W. (2d) 482.

[3] (1949), 255 Wis. 627, 39 N. W. (2d) 675.

[4] *State ex rel. Badtke v. School Board* (1957), 1 Wis. (2d) 208, 83 N. W. (2d) 724; *Estate of Ries* (1951), 259 Wis. 453, 49 N. W. (2d) 483, 50 N. W. (2d) 397.

[5] 212 Wis. XII. See Interpretive Comment, 31 W. S. A., p. 726.

by sec. 325.21, Stats., is controlling over any right of inspection acquired under sec. 269.57 (1). This contention was rejected in *Prudential Ins. Co. v. Kozlowski* [6] where the court stated, at page 644:

"The reason of the rule of the statute, [325.21] as far as it has any, is that patients may be afflicted with diseases or have vicious or uncleanly habits necessary for a physician to know in order to treat them properly, disclosure of which would subject them to humiliation, shame, or disgrace, and which they might refrain from disclosing to a physician if the physician could be compelled to disclose them on the witness stand. *Boyle v. Northwestern Mutual Relief Asso.* 95 Wis. 312, 70 N. W. 351. If the disclosures to the physician be such as not to subject the patient to shame or affect his reputation or social standing, there is no reason why a physician should not disclose them, and sound reason why in the interest of truth and justice he should be compelled to disclose them. The physician's exemption from disclosure should in reason be limited to such disclosures as would injure the patient's feelings or reputation. The statute too often works, as stated by Mr. Justice OWEN in his dissenting opinion in *Maine v. Maryland C. Co.* 172 Wis. 350, 359, 178 N. W. 749, 'to cheat rather than to promote justice and to suppress rather than reveal truth.' " [7]

Mrs. Alexander does not contend that she would be humiliated, shamed, or disgraced if the contents of Dr. Suckle's report were revealed.

At any rate, Mrs. Alexander has waived any privilege in regard to the report by her consent directed to Dr. Suckle to allow investigation of "all X-ray photographs, hospital and medical records and other medical information of a documentary nature" concerning her injuries. [8] The written

---

[6] (1938), 226 Wis. 641, 276 N. W. 300.

[7] Reaffirmed in *Leusink v. O'Donnell, supra,* footnote 3, at page 632, 39 N. W. (2d) at page 677.

[8] Sec. 325.21 (1) (d), Stats., provides for waiver of the privilege with "express consent of the patient."

consent was drafted and executed pursuant to sec. 269.46 (2), Stats.,[9] after appellant's counsel agreed to the inspection of the medical records at the adverse examination. Appellant has never been relieved of her consent to the investigation as required by sec. 269.46 (1).[10]

Any privilege as to Dr. Suckle's report was also waived when the records of Dr. Pearson were examined. This court has held that:

"It would be most unjust and unfair to permit patients or their heirs to waive the privilege as to testimony of a physician who was favorable to their interest and claim the benefit of the privilege as to a physician similarly situated who might not be favorable to their interest. When consent is given for the disclosure by one physician the reason for the statute no longer exists, and the waiver is a waiver of the whole privilege and not a consent to the introduction of the testimony of designated witnesses." [11]

Assume, arguendo, that contrary to *Prudential* and *Leusink* the inspection statute is deemed to conflict with the privilege provision. Sec. 269.57 (1), Stats., should nonetheless prevail since it is a remedial statute and to be construed liberally,[12] while sec. 325.21, is to be strictly construed.[13]

The final issue on this appeal is whether Mrs. Alexander's action should be dismissed because she failed to obey the

[9] 269.46 "(2) No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

[10] 269.46 "(1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a . . . stipulation or other proceeding against him obtained, . . . ."

[11] *Cretney v. Woodmen Accident Co.* (1928), 196 Wis. 29, 36, 219 N. W. 448, 450.

[12] *Culligan, Inc., v. Rheaume* (1954), 268 Wis. 298, 67 N. W. (2d) 279.

[13] *Prudential Ins. Co. v. Kozlowski, supra,* footnote 6.

three orders of the trial court. The trial court possesses the power to dismiss an action in the interest of orderly administration of justice.[14]

Some means must be available to enable the trial judge to rein in unco-operative parties. Appellant chose to ignore the first two orders before appealing the third. This caused a delay since the first order requiring Mrs. Alexander to allow inspection was appealable.[15] Mrs. Alexander alleges serious injuries. Her complaint is confined to a cause of action for her injuries, and inspection by respondent of the report of Dr. Suckle was vital to the respondent's defense against this complaint and the trial court did possess the power to order a dismissal of her entire action where she failed to comply with the inspection order. The interests of justice would be served, however, by providing her with one final opportunity to comply with the inspection order and for this reason the third order of the trial court should be modified to allow her fifteen days from remittitur within which to comply with the inspection provisions of the order. This is especially true since respondent has not been prejudiced by the delay.

*By the Court.*—Orders of May 1, 1964, and May 13, 1964, affirmed. Order of May 28, 1964, modified to allow appellant, Thelma Alexander, fifteen days from remittitur to comply with the terms of the order or have her complaint dismissed. Such order, as modified, affirmed.

---

[14] *Latham v. Casey & King Corp.* (1964), 23 Wis. (2d) 311, 314, 127 N. W. (2d) 225, 226, where the court stated: "Many times the power of dismissal is applied for noncompliance with an order relating to pleadings, such as an order to amend, to make more definite and certain, or furnish a bill of particulars. *Motowski v. People's Dentists* (1924), 183 Wis. 477, 198 N. W. 465; *Central Security Co. v. Milwaukee-Waukesha Brewing Co.* (1917), 166 Wis. 249, 164 N. W. 994. In other cases the power is exercised for noncompliance with orders in aid of discovery or inspection. Perhaps the greatest area of the exercise of the power is the failure to diligently prosecute a case."

[15] *Hudson v. Graff* (1948), 253 Wis. 1, 33 N. W. (2d) 174.