WILLIAM LEITSCH, Corporation Counsel, Columbia County
You have requested my opinion whether applications of individuals applying for home nursing care provided by the county health committee pursuant to sec. 141.10, Stats., upon authorization of the county board, are open to inspection by the finance committee of the county board. You state that the finance committee is primarily interested in the financial statements filed in connection with such application, which form the basis, in part, for the charges made for such care. *Page 423 
You further state that the county nurse has refused to divulge this information on the grounds that it is privileged and that to reveal the information to anyone outside her office might defeat the purposes of the program.
I am of the opinion that the documents involved are public records within the meaning of sec. 19.21 Stats., and State ex rel. Youmans v. Owens (1965), 28 Wis.2d 672,137 N.W.2d 470, and that inspection must be granted toany person unless the custodian in good faith believes that disclosure would cause harm to the public interest which would outweigh the benefit to be derived from granting inspection. In the latter case, specific reasons for denial must be given and the person seeking inspection can then resort to mandamus to test the sufficiency of the reasons given. Also note the civil forfeiture provision for unwarranted failure to permit inspection found in sec. 19.21 (4), Stats.
I am aware of no statute which makes the records referred to confidential, nor do they appear to fall in areas protected under the common law. Section 141.10 (1), Stats., does provide that home nursing care shall be provided under the direction of a physician of the patient's choice. However, the records which you are concerned with would not appear to fall within the doctor-patient privilege referred to in sec. 885.21, Stats. Leusink v. O'Donnell (1949), 255 Wis. 627,39 N.W.2d 675.
Reasons which might justify denial of inspection to members of the general public probably would not be sufficient in most cases to foreclose county officers or committees from inspection where they have an administrative or legislative duty to perform in connection with the program.
The county health committee, rather than the county nurse, may be the responsible custodian unless such power has been delegated. You state that Columbia County does not have a county health department but does have a county health committee.
Section 141.06 (1), (2) and (3), Stats., provide:
"(1) The county health committee may employ one or more county public health nurses, sanitarians, or other public *Page 424 
health personnel, when so authorized by the county board, to conduct generalized public health nursing, environmental sanitation, or other public programs pursuant to the direction and under the supervision of the county health committee in cooperation with the department.
"(2) The work of the county nurse, county sanitarian and other public health personnel shall be directed by a county health committee composed of 5 or more members appointed by the chairman, at least 3 of which shall be members of the county board, and a representative of the department appointed by the state health officer.
"(3) The county board shall approve and make an appropriation to carry out this section."
Under sec. 141.10 (1), Stats., the county board may authorize the county health committee to establish programs of home nursing care, and subs. (2), (3) and (4) relate to the establishment and charging of fees therefor. Subsections (3) and (4) provide:
"(3) FEE SCHEDULE. A schedule of fees shall be established:
"(a) As a result of a cost study conducted at least every 3 years and filed as required with the department after approval by the county board or city council; or
"(b) By the adoption of a schedule of fees established by the department from information gathered by it.
"(4) CHARGES. Persons receiving such home nursing care shall not be charged fees in excess of the scheduled costs, and shall be charged according to their ability to pay full or part costs as determined by the policy of the county health committee or board of health. No person shall be denied necessary services, within the limits of available personnel, because of inability to pay the cost of such service. The county board or city council shall determine the procedure for collecting and depositing fees and auditing receipts."
Such records could not be withheld from county health committee members. It is also clear that the county board has specific statutory interest in the authorization of the *Page 425 
program, and the determination of procedures for collecting, depositing and auditing receipts. The board could delegate some responsibilities in these areas to its finance committee. If it has, such committee would have a right to inspect records material to its purposes, even if such records could be withheld from the public. See related discussion with respect to welfare records in 59 OAG 240 (1970) at 247, where a specific confidentiality statute was involved.
RWW:RJV