Patricia K. AMBROSE, Rock County Department of Social Services, Plaintiffs-Appellants,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, Gladys J. Gilbert, and American Family Mutual Insurance Company, Defendants-Respondents.†

Court of Appeals

*No. 88–2279. Submitted on briefs July 14, 1989.—Decided April 12, 1990.*

(Also reported in 456 N.W.2d 642.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Patrick K. McDonald* of *McDonald & Gustafson* of Janesville.

For the defendants-respondents the cause was submitted on the brief of *Ward I. Richter* and *Virginia L. Newcomb* of *Bell, Metzner, Gierhart & Moore, S.C.* of Madison.

Brief of amicus curiae was filed by *Randall J. Sanfort* of *Terwilliger, Wakeen, Piehler, & Conway, S.C.* of Wausau on behalf of *Civil Trial Counsel of Wisconsin, Inc.*

Brief of amicus curiae was filed by *Virginia M. Antoine* of *Habush, Habush & Davis, S.C.* of Milwaukee on behalf of *The Wisconsin Academy of Trial Lawyers.*

Before Eich, C.J., Dykman and Sundby, J.J.

SUNDBY, J.   In this appeal, we decide that the circuit court exceeded its discretion under the medical

records discovery statute, sec. 804.10(2), Stats.[1] The court ordered Patricia Ambrose, the plaintiff in this personal injury action, to sign a Medical Information Release which authorized Ambrose's medical care providers to disclose to the defendants' attorneys for inspection and copying all hospital, medical or other health care records and reports, including records and reports which may be subject to Ambrose's physician-patient privilege. We reverse the order.

On March 1, 1986, Ambrose was injured when her automobile was rear-ended by an automobile operated by defendant Gladys Gilbert. Ambrose began this action against Gilbert and Gilbert's insurer, General Casualty Company of Wisconsin (hereafter, collectively, "Gilbert").[2] Prior to beginning this action, Ambrose provided Gilbert with extensive medical records. Those records showed that in an earlier automobile accident, Ambrose sustained multiple fractures of the pelvis and one or more rib fractures. The records also revealed Ambrose's history of extensive use of medication and emotional therapy and care.

Ambrose provided Gilbert with consent forms authorizing Gilbert to inspect and copy Ambrose's health care records, reports and x-rays. The authoriza-

---

[1] Section 804.10(2), Stats., provides:

> In any action brought to recover damages for personal injuries, the court may also order the claimant, upon such terms as are just, to give to the other party or any physician named in the order, within a specified time, consent and the right to inspect any X-ray photograph taken in the course of the diagnosis or treatment of such claimant for the injuries for which damages are claimed. The court may also order such claimant to give consent and the right to inspect and copy any hospital, medical or other records and reports concerning the injuries claimed and the treatment thereof.

[2] American Family Mutual Insurance Company has not participated in this appeal.

tions were, however, limited to records, reports and x-rays concerning the injuries Ambrose sustained in the March 1, 1986, accident and the treatment of those injuries.

From information provided by Ambrose, including answers to written interrogatories, Gilbert learned that Ambrose had "pre-existing dormant conditions" resulting from the earlier accident; that Ambrose had not worked since 1968; and that, prior to the March 1, 1986, accident, Ambrose had made a claim for social security benefits. Gilbert represents that this information caused her to move the circuit court for an order under sec. 804.10(2), Stats., compelling Ambrose to give Gilbert written consent and the right to inspect and copy "records concerning [Ambrose's] physical and emotional health before and after the [March 1, 1986] accident." The circuit court granted Gilbert's motion and ordered Ambrose to execute and provide to Gilbert's counsel a Medical Information Release which included the following:

> The undersigned, Patricia K. Ambrose executes this medical information release for the purpose of authorizing disclosure of medical records and opinions in aid of litigation in which the undersigned is currently involved. The undersigned hereby authorizes disclosure of all records, correspondence, opinions or reports in the possession of doctors, psychiatrists, chiropractors, osteopaths, hospitals, clinics or state agencies having provided the undersigned with health care services pertaining to physical and/or emotional assistance.

The Release authorized Gilbert to inspect and copy such records and reports.

310

## I.

Ambrose contends that the circuit court exceeded its discretion under sec. 804.10(2), Stats., when it required her to give *carte blanche* consent to Gilbert to inspect and copy all of her health care records and reports, regardless of their confidential nature and regardless of the existence of a physician-patient privilege as to any of the records or reports.

Gilbert responds that, by beginning this action, Ambrose waived any privilege of confidentiality as to the requested records and reports, except as to discovery not authorized by statute. Gilbert argues that public policy demands full and free discovery. She points out that Ambrose has available safeguards—protective orders, motions *in limine* and objections—to ensure that sensitive and irrelevant material does not get to the jury. Civil Trial Counsel of Wisconsin, Inc.,[3] argues that the circuit court's order conformed to sec. 146.82(2)(a)4, Stats., which provides that a patient's health care records shall be released upon request without the patient's informed consent, "[u]nder a lawful order of a court of record."

## II.

Section 804.10(2), Stats., provides that the circuit court may order a claimant to give his or her consent and the right to inspect and copy hospital, medical or other records and reports "concerning the injuries claimed and the treatment thereof." Section 804.10(2) is based on former sec. 269.57(2), Stats. Judicial Council Commit-

---

[3]Civil Trial Counsel of Wisconsin, Inc., filed a nonparty brief in support of Gilbert's position, pursuant to sec. 809.19(7), Stats. A nonparty brief supporting Ambrose's position was filed by the Wisconsin Academy of Trial Lawyers.

tee's Note—1974, Wis. Stats. Ann. sec. 804.10 (West 1977).

Section 269.57(2)(a)2, Stats. (1973), authorized the circuit court or a presiding judge thereof to, "order the person claiming damages for such injuries [t]o give to the other party . . . an . . . inspection of hospital records and other written evidence *concerning the injuries claimed and the treatment thereof.*" (Emphasis added.) The emphasized language was retained when the Wisconsin Supreme Court adopted sec. 804.10(2), Stats. Sup. Ct. Order, 67 Wis. 2d 585, 680, eff. January 1, 1976.

The Wisconsin Supreme Court held that sec. 269.57(2), Stats., was inapplicable to hospital and doctors' records made prior to the time of the accident causing the claimed injuries. *Thompson v. Roberts,* 269 Wis. 472, 475, 69 N.W.2d 482, 483 (1955). The court held, however, that such records were subject to inspection and copying under sec. 269.57(1) if the plaintiff claimed that a prior disability was aggravated by the accident. *Thompson,* 269 Wis. at 475, 69 N.W.2d at 483-84; *Leusink v. O'Donnell,* 255 Wis. 627, 633, 39 N.W.2d 675, 678 (1949).[4]

In the formulation of the Wisconsin Rules of Civil Procedure, sec. 269.57(1), Stats., was incorporated in sec. 804.09, Stats. Judicial Council Committee's Note—1974, Wis. Stats. Ann. sec. 804.10(2) (West 1977). Gilbert does not claim that the circuit court's authority under former sec. 269.57(1) may be found in sec. 804.10. One commentator suggests that it may be difficult to use sec. 804.10(2) as a vehicle for medical records discovery. Comment, *Medical Records Discov-*

---

[4]The version of sec. 269.57(2), Stats., which was in effect when *Thompson* and *Leusink* were decided was renumbered and amended by ch. 109, Laws of 1971. The relevant portion of the statute was unaffected by the amendment.

*ery in Wisconsin Personal Injury Litigation,* 1974 Wis. L. Rev. 524, 539.

The physician-patient privilege has served as the rationale for limiting the scope of medical records discovery. *Id.* at 529–30. The Comment suggested that, as a result of the litigation exception to the physician-patient privilege[5] "the newly proposed medical record inspection statute [sec. 804.10(2), Stats.] *should* be designed to avoid the difficulties that have plagued section 269.57(1) and (2)(a)2." *Id.* at 537 (emphasis in original). The Comment observed, however, that the inadequacies present in sec. 269.57(1) and (2)(a)2 continued to exist in proposed sec. 804.10(2). *Id.* at 539.

The first inadequacy the Comment noted was that "the scope of inspection remains limited to x-rays, records and reports of the diagnosis and treatment of the injuries for which damages are claimed." *Id.* at 539. The Comment observed that "[i]n light of the personal injury action waiver to the physician-patient privilege, it is difficult to comprehend why the drafters did not avoid this pitfall by a broader characterization of the kinds of records available under [sec. 804.10(2), Stats.]." *Id.* Proposed sec. 804.10(2) was not, however, amended to broaden the kinds of records discoverable thereunder.

The Comment was published while the supreme court was considering the proposed Wisconsin Rules of Civil Procedure. It is therefore reasonable to infer that

---

[5]Section 905.04(4)(c), Stats., provides:

> There is no privilege under this section as to communications relevant to or within the scope of discovery examination of an issue of the physical, mental or emotional condition of a patient in any proceedings in which he relies upon the condition as an element of his claim or defense, or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.

the court was aware of the Comment's criticism when it adopted sec. 804.10(2), Stats. It may also be inferred that the court was aware of an earlier criticism that sec. 269.57 "fails to adequately inform the defendant about earlier medical examinations not in the specified doctor's files, nor can it aid in a proper diagnosis of injuries which have partially healed or which have developed additional symptoms." Hogan, *Waiver of the Physician-Patient Privilege In Personal Injury Litigation,* 52 Marq. L. Rev. 75, 81 (1968). The supreme court may have decided that the values served by the physician-patient privilege were significant enough to limit the scope of sec. 804.10(2). The court may have concluded that waiver of the physician-patient privilege should extend no further than required by sec. 905.04(4)(c), Stats.

In view of the history and interpretation of the medical records discovery rule, we cannot conclude that the supreme court intended to give to sec. 804.10(2), Stats., the unlimited scope Gilbert suggests. Gilbert's construction of sec. 804.10(2), Stats., would wipe out a claimant's physician-patient privilege as to all health care records. We have held, however, that a patient, by commencing a personal injury action, does not automatically waive his or her physician-patient privilege, except as results by operation of sec. 905.04(4)(c), Stats. *State ex rel. Klieger v. Alby,* 125 Wis. 2d 468, 473, 373 N.W.2d 57, 60 (Ct. App. 1985).

On the other hand, we reject the narrow construction of sec. 804.10(2), Stats., Ambrose urges. Wisconsin discovery law reflects a principle of liberal and open pretrial discovery. *State ex rel. Dudek v. Circuit Court,* 34 Wis. 2d 559, 585–86, 150 N.W.2d 387, 402 (1967)

(quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)); *see also* Comment, *Medical Records Discovery,* 1974 Wis. L. Rev. at 525 ("Wisconsin law can be characterized as reflecting a principle of liberal and open pretrial discovery").

Further, in a contest between the medical records discovery rule and the claimant's physician-patient privilege, the discovery rule wins. *See Alexander v. Farmers Mut. Automobile Ins. Co.,* 25 Wis. 2d 623, 131 N.W.2d 373 (1964) (physician-patient privilege does not control over right of inspection under sec. 269.57(1), Stats.). The medical records inspection rule is remedial and is to be construed liberally, while the physician-patient privilege is to be strictly construed. *Id.* at 628, 131 N.W.2d at 376.

A proper construction of sec. 804.10(2), Stats., gives effect both to the values served by liberal discovery and the values served by the physician-patient privilege. The scope of authority of the circuit court under sec. 804.10(2) lies between the unlimited access to Ambrose's health care records claimed by Gilbert and the no-access rule urged by Ambrose. We conclude that under sec. 804.10(2) a circuit court may order the claimant to consent to inspection and copying of health care records and reports of treatment of injuries and medical conditions incurred prior to the claimed injury, if two conditions are met. First, the requester makes a showing that the health care records and reports sought are reasonably calculated to lead to the discovery of admissible evidence.[6] *See* sec. 804.01(2)(a). Second, the claimant is

---

[6]Such showing is not, of course, required where the requested health care records and reports concern the injuries claimed and the treatment thereof. The claimant may successfully resist disclosing such a record or report only by showing that the record or

given an opportunity to assert his or her physician-patient privilege, subject to sec. 905.04(4)(c), Stats.

Because the circuit court's order permitted Gilbert unlimited access to Ambrose's health care records and reports and did not permit Ambrose to claim her physician-patient privilege as to any such records or reports, the trial court exceeded its discretion under sec. 804.10(2), Stats. We therefore reverse the order.

### III.

Ambrose concedes that sec. 804.10(2), Stats., creates a limited exception to sec. 146.82(1), Stats., which provides that "[a]ll patient health care records shall remain confidential." Civil Trial Counsel argues that the trial court's order conforms to sec. 146.82(2)(a)4, which provides that patient health care records shall be released upon request without informed patient consent, "[u]nder a lawful order of a court of record."

We conclude that the circuit court's order is not "lawful" because it is beyond the court's discretionary authority under sec. 804.10(2), Stats. Section 146.82(2)(a)4, Stats., does not therefore provide a basis for us to affirm the circuit court's order.

*By the Court.*—Order reversed.

---

report is not relevant to or within the scope of discovery examination of an issue of the physical, mental or emotional condition of the claimant-patient. *See* sec. 905.04(4)(c), Stats.